FILED

SEP 1 7 2009

CLERK



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-40096 |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| vs. | * | OPINION AND ORDER |
|  | * |  |
| LARRY HERRICK, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is defendant's motion to compel discovery or in the alternative for a subpoena duces tecum (Doc. 16). Defendant is charged with two counts of sexual offenses against a fourteen year old minor and a third count of distribution of marijuana to a minor (Doc. 1). Defendant desires mental health records relating to the minor from 2007-2009. The defense does not know the identity of the mental health providers, although the defense is aware the word "Prairie" appears in the name of one of the providers. The discovery documents also reveal the minor was forensically interviewed by The Red River Children's Advocacy Center in Fargo, N.D. The government resists both motions.

From discovery documents and video recordings furnished to the defense by the government it appears the minor has been counseled or examined by medical professionals. The minor has been determined to be "at risk for mental health concerns." On the video the minor said she lied about the nature of the sexual contact with the defendant. The minor self-described the mental health issues as depression, suicidal thoughts, and anger. The minor also indicated it was misleading or a lie when she claimed to counselors a history of suicide or self-harm.

It appears all of the documents in the possession of the government have been furnished to the defense, so the records sought are not in the possession of the government. It is also unlikely the

government will attempt to offer these records during their case-in-chief at the trial.[1]  For these reasons it appears that Federal Rule of Criminal Procedure 16(a)(1)(F) does not require the government to obtain and furnish the medical records which are the subject of the motion.

The defense relies upon three cases:

- *United States v. Love,* 329 F.3d 981 (8th Cir. 2003).

- *United States v. Lindstrom*, 689 F.2d 1154 (11th Cir. 1983).

- *United States v. Yielding*, 2008 WL 5114305 (E.D. Ark., December 4, 2008)

The government furnished two cases at the hearing and did not file any brief:

- *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989 (1987).

- *Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658 (1987).

## ANALYSIS

A Confrontation Clause violation is shown when a defendant demonstrates that a reasonable jury might have received a significantly different impression of a witness's credibility had counsel been permitted to pursue the proposed line of cross-examination. . . . A defendant has the right to attempt to challenge a witness's credibility with competent or relevant evidence of any mental defect or treatment at a time probatively related to the time period about which he was attempting to testify. However, to be relevant, the mental health records must evince an impairment of the witness's ability to comprehend, know, and correctly relate the truth. Factors which the district court should consider before permitting such cross-examination include: 1) the nature of the psychological problems; 2) whether the witness suffered from the condition at the time of the events to which the witness will testify; 3) the temporal recency or remoteness of the condition.

*United States v. Love,* 329 F.3d at 984 (internal citations and punctuation omitted).

---

[1]The government after this decision could decide to offer these mental health records as part of its case in chief.  Absent this decision, however, it is highly unlikely the government would offer records about the victim's mental health history as part of its case-in-chief.  Further, Judge Piersol could restrict defense counsel from cross-examining about the victim's mental health after these records are evaluated.

"In simple language the defendant has the right to explore every facet of relevant evidence pertaining to the credibility of those who testify against him, and evidence on mental capacity may be especially probative of the ability to comprehend, know and correctly relate the truth." *Lindstrom* at 1165-66. Denial of access to psychiatric materials of a key witness is reversible error for abuse of discretion. *Lindstrom* at 1166-67. " . . . [T]he privacy interest of a patient in the confidentiality of her medical records and the societal interest in encouraging the free flow of information between patient and psychotherapist . . . . . . . must yield to the paramount right of the defense to cross-examine effectively the witness in a criminal case." *Lindstrom* at 1167 (internal quotation marks and citation omitted).

Citing *Love,* Judge Miller directed the government to produce mental health records for one witness who was expected to testify for the government. *Yielding,* 2008 WL 5114305 at * 3.

The right of confrontation is a *trial* right, guaranteeing an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent the defense might wish. *Ritchie,* 480 US 39 at 51-53.

The functional purpose of the confrontation clause of the Sixth Amendment is to promote reliability in criminal trials by ensuring a defendant an opportunity for cross-examination. *Stincer, 482 US 730* at 736-38.

The *Ritchie* and *Stincer* cases are distinguishable from this case because the legal issues which were examined in each of those cases did not involve the mental illness of a witness. In *Ritchie* the defendant, who was charged with sexual offenses involving his daughter, desired to obtain the investigative files from the state's investigative agency , Children and Youth Services, a protective agency charged with investigating cases of suspected mistreatment and neglect. The girl

3

was interviewed by the agency. Defendant argued that he could not effectively question his daughter without the files. He also argued the files could reveal inconsistent statements and the names of potential witnesses. The Supreme Court decided the confrontation clause is not a rule of compelled pretrial discovery, but is a trial right guaranteeing an opportunity for an effective cross-examination.

In *Stincer* the two young girls, 7 and 8 years of age, were examined out of the presence of the defendant to determine whether they could remember the facts and could distinguish between right and wrong. Mental health records were not involved. The issue was the absence of a face-to-face meeting between the girls and the defendant during the in-chambers conference to determine the competency of the girls to testify in open court. The Supreme Court decided defendant's exclusion from the in-chambers hearing did not interfere with his opportunity for effective cross-examination. The questions at the competency hearing were limited to matters unrelated to basic issues in the trial, e.g. names, where they go to school, how old they are, whether they know who the judge is, whether they know what a lie is, and whether they know what happens when someone tells a lie. *Stincer* at 740-41.

In this case cross-examination of the key witness, the victim, about her mental health issues could give a reasonable jury a significantly different impression of the witness's credibility from what might occur if defense counsel is not permitted to pursue the proposed line of cross-examination. Of course, if defense counsel does not have the mental health records, then counsel's opportunity to pursue a line of questioning about the victim's ability to comprehend, know, and correctly relate the truth will be constrained. On the other hand if after a review of the mental health records there is no suggestion that the victim's ability to comprehend, know, and relate the truth could be impaired, then Judge Piersol can restrict the cross-examination to that which is appropriate.

Without the mental health records, however, all that is known is that there is a suggestion that a key witness may have mental health issues which could be important to the jury when they decide defendant's guilt or innocence. What is known is sufficient to justify granting the defense request to review the mental health records.

It is ORDERED that defendant's motion (Doc. 16) is GRANTED in part and DENIED in part. The motion is denied to the extent that the government does not have the mental health records in its possession, so that it cannot be ordered to produce them pursuant to F.R.Crim.P. 16(a)(1)(F). The motion is granted to the extent that a subpoena or subpoenas duces tecum may issue so that defendant on his own may obtain the mental health records of the minor for the years 2007-2009.

Dated this **1 7** day of September, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

5