UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-40096 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | REPORT AND RECOMMENDATION |
| | * | ON DEFENDANT'S CHANGE |
| LARRY HERRICK, | * | OF PLEA |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter came before the court for a change of plea hearing on Tuesday, October 20, 2009. The Defendant, Larry Herrick, appeared in person and by his counsel, Assistant Federal Public Defender Tim Langley, while the United States appeared by its Assistant United States Attorney, Tom Wright.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge.

Defendant has filed a petition to plead guilty to Counts 2 and 4 of the Indictment which charges him with Abusive Sexual Contact and Possession with Intent to Distribute Marijuana in violation of 18 U.S.C. §§ 1153, 2244(a)(3) and 2246(3) and 21 U.S.C. § 841(a)(1). At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: Count 2: 2 years imprisonment; a $250,000 fine; or both; minium 5 years supervised release up to a life term of supervised release; 5 additional years imprisonment if supervised release is revoked; a $100 special assessment and restitution. Count 4:

5 years imprisonment; $250,000 fine; or both; 3 years supervised release; if supervised release is revoked an additional 2 years imprisonment; $100 special assessment; and restitution.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to Count 2 and Count 4 of the Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The defendant's guilty plea to Count 2 and Count 4 of the Indictment is accepted. It is my report and recommendation that the defendant be adjudged guilty of those offenses.

Upon imposition of sentence the government intends to move to dismiss the remaining counts of the Indictment.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 20th day of October, 2009.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge